**JS-6**
LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6298 GAF (MANx) | Date | November 24, 2008 |
|---|---|---|---|
| Title | Mount et al. v. Wells Fargo Bank, N.A. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**
**ORDER RE: MOTION TO REMAND**

      Named Plaintiffs William and Madeline Mount bring this putative class action on behalf of all California residents whose telephone conversations were allegedly recorded, wiretapped, monitored or subjected to eavesdropping by Wells Fargo Bank, d/b/a America's Servicing Company, without class members' knowledge or consent.  Plaintiffs contend that Wells Fargo's conduct violated California law in several respects, and seek an injunction and damages.  Wells Fargo removed the case to this Court under the Class Action Fairness Act ("CAFA").  28 U.S.C. §§ 1332(d), 1441(b).  Wells Fargo claims that minimum diversity exists between the parties, that the amount in controversy requirement is met, and that the proposed Plaintiff class is in the thousands.  Plaintiffs now move this Court to remand the case on the ground that, although Wells Fargo's main office under its Articles of Association is in South Dakota, its principal place of business is in California, which defeats CAFA's minimal diversity requirement.

      The Court first considers whether Wells Fargo's principal place of business is in California and, if so, whether that defeats minimal diversity under CAFA.

      Wells Fargo contends that this case arises from its home mortgage business, which has its principal place of business in Iowa.  However, Wells Fargo Home Mortgage is a ***division*** of Wells Fargo Bank, N.A., not a subsidiary corporation.  Miles v. Wells Fargo Bank, No. C 06-01991 (N.D. Cal.); see also DeBlase Decl., Ex. D.  Even if Wells Fargo Home Mortgage were a subsidiary, its activities could not properly be considered in determining the principal place of business of a parent corporation against whom suit has been brought.  See Danjaq, S.A. v. Pathe Commc'ns Corp. 979 F.2d 772, 775 (9th Cir. 1992).  Thus, the only activities that matter are

JS-6
LINK: 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6298 GAF (MANx) | Date | November 24, 2008 |
|---|---|---|---|
| Title | Mount et al. v. Wells Fargo Bank, N.A. et al. | | |

those of Wells Fargo Bank, N.A., which has regularly described its principal place of business as San Francisco, California.  See, e.g., Jojola v. Wells Fargo Bank, N.A., 1973 WL 158166 (N.D. Cal. May 2, 1973); Wells Fargo Bank, N.A. v. Siegel, 2007 WL 1686980 (N.D. Cal. June 8, 2007); Miles v. Wells Fargo Bank, No. C 06-01991 (N.D. Cal.).  Wells Fargo cannot now claim otherwise for the purpose of asserting federal jurisdiction under CAFA.

　　The next question is whether, for purposes of diversity jurisdiction, Wells Fargo is a citizen of the state where its principal place of business is located.  The Supreme Court avoided answering this question in Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).  In that case, the Fourth Circuit had held that a national banking association is a citizen of every state in which it has a branch.  The Supreme Court reversed that determination and held that, under 28 U.S.C. § 1348, a national banking association is a citizen of the state in which it is "located," which is the state where its main office is located as specified in its articles of association.  546 U.S. at 318.  However, "because this issue [was] not presented by the parties or necessary to [the] decision," id. at 315 n.8, the Court declined to state whether a national banking association is also a citizen of the state of its principal place of business, noting that the location of the bank's "main office" and its principal place of business will normally coincide, id. at 317 n.9.

　　Since the Ninth Circuit has not spoken on this question, the Court turns to the decisions of the Fifth and Seventh Circuit on this issue.  See Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001).  Both of those cases rejected the contention that a national bank is located wherever it has branches, because that would greatly reduce its access to the federal courts, and both concluded a national bank is citizen of the state of its principal place of business *and* the state listed in its organization certificate or articles of association.  Horton, 387 F.3d at 436; Firstar Bank, 253 F.3d at 994.  As those cases noted, this would place national banks on the same footing as any other corporation.  The Court finds these opinions persuasive and follows them in this case.

　　Accordingly, having concluded that Wells Fargo is a citizen of the State of California for diversity purposes, the motion to remand is **GRANTED.**

　　**IT IS SO ORDERED.**